UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE W. DAVIS,

        Plaintiff,

    v.

VIC SAMUELSON,

        Defendant.

Case No. C08-5078FDB

ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED

The Court, having reviewed plaintiff's application for IFP, complaint and the balance of the record contained herein, does hereby find and ORDER.

(1) A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

(2) Plaintiff's complaint appears to call into question the validity of his continued confinement at Western State's Forensics Unit, his underlying conviction and/or sentence. More specifically, Plaintiff is seeking release, as well as money damages, in the amount of $50,000.00.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck

ORDER
Page - 1

v. Humphrey, 114 S.Ct. 2364, 2373 (1994).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.

Plaintiff necessarily claims call into question the legality of his confinement at Western State Hospital.  Based on the above, such a claim should be first raised in a petition for writ of habeas corpus, not a § 1983 civil rights claim for money damages.  Significantly, Plaintiff has not shown that he has previously successfully challenged the officer's actions by way of petition for writ of habeas corpus or similar challenges.  Thus, it appears a claim for monetary damages is premature.

(3)  Due to the deficiencies described above, the court will not rule on the pending IFP application and will not serve the complaint.  Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be dismissed **by no later than March 7, 2008**.  If an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

(4)  The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 19th day of February, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2