UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLE W. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>VIC SAMUELSON, *et al*.,<br><br>    Defendants. | Case No.  C08-5078FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 11, 2008 |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Accordingly, the following report and recommendation is hereby submitted.

FACTUAL BACKGROUND

Plaintiff, Kyle Davis, is currently incarcerated or in custody of the state at Western State Hospital in Lakewood, Washington. On February 7, 2008, Plaintiff submitted a Complaint alleging he is being denied his freedom and liberty in violation of the U.S. Constitution. The Complaint names four defendants: Vic. Samuelson, Steve Wagner, Dr. J. Kim, and Andrew Phillips. Plaintiff specifically alleges these individuals failed to state or provide any legitimate reasons for Plaintiff's continued confinement at the hospital in his quarterly treatment plan. Plaintiff requests monetary damages equal to $50,000, and release from the facility.

On February 19, 2008, the court reviewed the complaint and issued an order to show cause why the matter should not be dismissed because it appeared plaintiff's claims necessarily called into question the fact

or duration of a criminal conviction and/or sentence. The court explained that Plaintiff is required to show that he has successfully petitioned the court for a writ of habeas corpus prior to filing a civil action pursuant to § 1983 seeking injunction and money damages and cited Heck v. Humphrey, 114 S.Ct. 2364 (1994). The court directed plaintiff to show cause why the matter should not be dismissed by not later than March 7, 2008. Plaintiff has not filed any response to the court's order. After reviewing the file and plaintiff's documents, the undersigned recommends that the Court dismiss this § 1983 action.

## DISCUSSION

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.

It is clear to the court that Plaintiff is raising issues in his § 1983 complaint which necessarily calls into question that validity of Plaintiff's current incarceration, or placement in the forensics unit at Western State Hospital. Plaintiff has failed to show the court that his conviction or sentence has been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Under Heck, plaintiff's § 1983 claim has not yet accrued, and therefore is not cognizable.

Accordingly, the court finds Plaintiff's allegations should be dismissed pursuant to the law set forth above. Plaintiff shall not be permitted to seek monetary or pursue such claims via § 1983, without first successfully petitioning for his release and/or expungement of his sentence or conviction imposed by the state trial court.

## CONCLUSION

The undersigned recommends that the Court dismiss this action prior to service in accordance with Heck v. Humphrey. The dismissal will not prejudice plaintiff's right to file a § 1983 claim if his pending criminal matter or current sentence is later invalidated. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to

file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 11, 2008**, as noted in the caption.

DATED this 18th day of March, 2008.

        */s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge